FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 APR 15  AM 9: 03

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

v.

REGINALD FULLWOOD
a/k/a Reggie Fullwood

CASE NO.   3:16-cr-48-J-34JBT
Cts.   1-10:   18 U.S.C. § 1343
Cts.   11-14:   26 U.S.C. § 7203
Forfeiture:   18 U.S.C. § 981(a)(1)(C) and
28 U.S.C. § 2461(c)

## INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH TEN
## (WIRE FRAUD)

### A.   Introduction

At times material hereto:

### THE DEFENDANT

1.      REGINALD FULLWOOD (FULLWOOD) was a resident of

Jacksonville, Florida.   FULLWOOD was first elected in 2010 as a member of the

Florida House of Representatives, initially representing the 13th District.

Following redistricting in 2012, FULLWOOD was reelected as a member of the

Florida House of Representatives, representing the 15th District.   In early 2015,

FULLWOOD was reelected to represent the 15th District.

## ENTITIES AND ACCOUNTS USED IN THE FRAUDULENT SCHEME

2.      FULLWOOD maintained "Reggie Fullwood Campaign" as a fictitious name registered with the Florida Department of State.

3.      FULLWOOD maintained a business bank account at Atlantic Coast Bank, in Jacksonville, Florida, under the organizational name "Reggie Fullwood Campaign," in which to deposit and maintain campaign funds from campaign contributors.   This campaign account was opened in October 2009, connection with FULLWOOD's run for election to the Florida House of Representatives and FULLWOOD was the sole authorized signatory on the campaign account.

4.      FULLWOOD was the owner of an entity named Rhino Harbor, LLC (Rhino Harbor) registered with the State of Florida Division of Corporations.

5.      FULLWOOD maintained a business bank account at Atlantic Coast Bank, in Jacksonville, Florida, under the name Rhino Harbor , LLC.   FULLWOOD was the sole authorized signatory on the Rhino Harbor bank account.

6.      FULLWOOD was identified as the Deputy Treasurer of his campaign for a seat on the Florida House of Representatives.

2

## ELECTION LAWS OF THE STATE OF FLORIDA

7.     Pursuant to Florida Statutes 106.021 and 106.1405, a state political candidate's campaign account must be separate from any personal or other account and must be used only for the purpose of depositing contributions and making expenditures for the candidate.

8.     In the State of Florida, a candidate or the spouse of a candidate may not use funds on deposit in a campaign account of such candidate to defray normal living expenses for the candidate or the candidate's family, other than expenses actually incurred for transportation, meals, and lodging by the candidate or a family member during travel in the course of the campaign.

9.     In the State of Florida, campaign treasurers designated by a candidate are required to file regular reports with the State of all contributions received, and all expenditures made, by or on behalf of the candidate.

### B. Scheme and Artifice

From at least September 2010 and continuing thereafter through in or about December 2011, in Jacksonville, within the Middle District of Florida; Tallassee, Florida; and elsewhere,

REGINALD FULLWOOD,
a/k/a Reggie Fullwood

the defendant herein, did knowingly and willfully devise and participate in, and intend to devise and participate in, a scheme and artifice to defraud and for

3

obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C.  **Manner and Means**

1.      It was part of the scheme and artifice to defraud that FULLWOOD would solicit and cause to be solicited individuals and entities to contribute money to the "Reggie Fullwood Campaign" for the stated purpose of supporting his election and reelection to the Florida House of Representatives.

2.      It was part of the scheme and artifice to defraud that FULLWOOD would, using the internet, fraudulently and unlawfully cause electronic funds transfers from the Reggie Fullwood Campaign account at Atlantic Coast Bank to be deposited into the Rhino Harbor bank account at Atlantic Coast Bank.

3.      It was further part of the scheme and artifice to defraud that FULLWOOD would fraudulently and unlawfully use funds transferred from the Reggie Fullwood Campaign account at Atlantic Coast Bank into the Rhino Harbor bank account at Atlantic Coast Bank for personal expenses unrelated to his campaign to be elected to the Florida House of Representatives.

4.      It was further part of the scheme and artifice to defraud that FULLWOOD would use funds he had unlawfully obtained from the Reggie Fullwood Campaign account by using an ATM card issued on the Rhino Harbor bank account to pay personal expenses or withdraw cash at various locations, including restaurants, grocery stores, retail stores, jewelry stores, florists, gas stations, ATMs for cash withdrawals, and liquor stores.

4

5.      It was further part of the scheme and artifice to defraud that FULLWOOD would submit or cause to be submitted false and fraudulent campaign expenditure reports to the State of Florida which included inflated and/or non-existent campaign expenses in order to hide and conceal the fact that FULLWOOD had fraudulently and unlawfully embezzled funds from the Reggie Fullwood Campaign Account with Atlantic Coast Bank, in violation of campaign laws of the State of Florida.

## D.   Execution

On or about the dates set forth below, in Jacksonville, within the Middle District of Florida; Cherry Hill, New Jersey; and elsewhere,

REGINALD FULLWOOD,
a/k/a Reggie Fullwood

for the purpose of executing such scheme and artifice to defraud, and for obtaining money and property by materially false and fraudulent pretenses, representations, and promises, caused to be transmitted by wire in interstate commerce the following electronic funds transmissions:

| Count | Date | Originating Account | Beneficiary Account | Amount |
|---|---|---|---|---|
| ONE | 11/23/2010 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $1,500.00 |
| TWO | 11/30/2010 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $1,000.00 |
| THREE | 12/23/2010 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $520.00 |
| FOUR | 4/06/2011 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $650.00 |

| Count | Date | Originating Account | Beneficiary Account | Amount |
|-------|------|---------------------|---------------------|--------|
| FIVE | 10/12/2011 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $1,00.00 |
| SIX | 10/21/2011 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $2,000.00 |
| SEVEN | 10/28/2011 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $1,000.00 |
| EIGHT | 11/1/2011 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $2,000.00 |
| NINE | 12/20/2011 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $1,000.00 |
| TEN | 12/23/2011 | Reggie Fullwood Campaign Account, Atlantic Coast Bank, Jacksonville, FL | Rhino Harbor, LLC Account #8900 Atlantic Coast Bank, Jacksonville, FL | $400.00 |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT ELEVEN
### (Failure to File Income Tax Return)

During the calendar year 2010, in the Middle District of Florida, and elsewhere,

### REGINALD FULLWOOD,
a/k/a Reggie Fullwood

the defendant herein, who was a resident of Duval County, Florida, had and received gross income substantially in excess of the minimum filing amounts established by law for said calendar year.   By reason of such gross income defendant REGINALD FULLWOOD was required by law, following the close of the calendar year 2010, and on or before April 15, 2011, to make an income tax return to the Internal Revenue Service Center at Atlanta, Georgia, to the person assigned to receive returns at the local office of the Internal Revenue Service at Jacksonville, Florida, and to another Internal Revenue Service officer permitted by

the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.   Well knowing and believing all of the foregoing, defendant REGINALD FULLWOOD did willfully fail, on or about April 15, 2011, in the Middle District of Florida, and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT TWELVE
### (Failure to File Income Tax Return)

During the calendar year 2011, in the Middle District of Florida, and elsewhere,

### REGINALD FULLWOOD,
a/k/a Reggie Fullwood

the defendant herein, who was a resident of Duval County, Florida, had and received gross income substantially in excess of the minimum filing amounts established by law for said calendar year.   By reason of such gross income defendant REGINALD FULLWOOD was required by law, following the close of the calendar year 2011, and on or before April 15, 2012, to make an income tax return to the Internal Revenue Service Center at Atlanta, Georgia, to the person assigned to receive returns at the local office of the Internal Revenue Service at Jacksonville, Florida, and to another Internal Revenue Service officer permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.   Well knowing

and believing all of the foregoing, defendant REGINALD FULLWOOD did willfully

fail, on or about April 15, 2012, in the Middle District of Florida, and elsewhere, to

make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT THIRTEEN
### (Failure to File Income Tax Return)

During the calendar year 2012, in the Middle District of Florida, and

elsewhere,

REGINALD FULLWOOD,
a/k/a Reggie Fullwood

the defendant herein, who was a resident of Duval County, Florida, had and

received gross income substantially in excess of the minimum filing amounts

established by law for said calendar year.   By reason of such gross income

defendant REGINALD FULLWOOD was required by law, following the close of the

calendar year 2012, and on or before April 15, 2013, to make an income tax return

to the Internal Revenue Service Center at Atlanta, Georgia, to the person assigned

to receive returns at the local office of the Internal Revenue Service at

Jacksonville, Florida, and to another Internal Revenue Service officer permitted by

the Commissioner of Internal Revenue, stating specifically the items of his gross

income and any deductions and credits to which he was entitled.   Well knowing

and believing all of the foregoing, defendant REGINALD FULLWOOD did willfully

fail, on or about April 15, 2013, in the Middle District of Florida, and elsewhere, to make an income tax return.

In violation of Title 26, United states Code, Section 7203.

## COUNT FOURTEEN

### (Failure to File Income Tax Return)

During the calendar year 2013, in the Middle District of Florida, and elsewhere,

REGINALD FULLWOOD,
a/k/a Reggie Fullwood

the defendant herein, who was a resident of Duval County, Florida, had and received gross income substantially in excess of the minimum filing amounts established by law for said calendar year.   By reason of such gross income defendant REGINALD FULLWOOD was required by law, following the close of the calendar year 2013, and on or before April 15, 2014, to make an income tax return to the Internal Revenue Service Center at Atlanta, Georgia, to the person assigned to receive returns at the local office of the Internal Revenue Service at Jacksonville, Florida, and to another Internal Revenue Service officer permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.   Well knowing and believing all of the foregoing, defendant REGINALD FULLWOOD did willfully

fail, on or about April 15, 2014, in the Middle District of Florida, and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## FORFEITURE

1.      The allegations contained in Counts One through Ten of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of a violation of Title 18, United States Code, Section 1343, the defendant, REGINALD FULLWOOD, a/k/a Reggie Fullwood, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.      The property to be forfeited includes, but is not limited to, the following:

> a money judgment in the amount of at least $65,445.00, representing the amount of proceeds obtained as a result of the offense charged in Counts One through Ten.

4.      If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
MARK B. DEVEREAUX
Assistant United States Attorney

By: _____
MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

## REGINALD FULLWOOD
a/k/a Reggie Fullwood

## INDICTMENT

Violations:

18 U.S.C. § 1343
26 U.S.C. § 7203

A true bill.

_____
Foreperson

Filed in open court this 14th day

of April, 2016.

_____
Clerk

Bail   $_____

GPO 863 525