IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                          CASE NO. 3:16-cr-000048-J-34JBT

REGINALD FULLWOOD
    a/k/a Reggie Fullwood

_____

**DEFENDANT FULLWOOD'S MOTION FOR BILL OF PARTICULARS**

**COMES NOW** the Defendant, **REGGIE FULLWOOD**, by and through his undersigned counsel pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure to move this Honorable Court to direct the Government to file a Bill of Particulars specifying the below described additional information not otherwise provided in the Indictment:

1.      In Counts 1 through 10 of the Indictment, the Defendant is charged with violations of 18 U.S.C. §1343, "Wire Fraud".  The allegations common to all ten counts are, in summary, as follows:

    a.  The Defendant, as a candidate for public office, maintained both a personal and a "Reggie Fullwood Campaign" account at the same branch of the Atlantic Coast Bank.

    b.  Paragraph 7 of the Indictment states that pursuant to Florida Election Law, those accounts must be "separate from any personal or other account and must be used only for the purpose of depositing contributions and making expenditures for the candidate".

1

Notwithstanding that statutory mandate, the Indictment alleges that Fullwood "fraudulently and unlawfully used funds transferred from [the campaign account] …into [the personal] account, the Atlantic Coast Bank for personal expenses unrelated to his campaign…" (Indictment, section C. "Manner and Means").

c. Of central relevance to this Motion, the Indictment further alleges that Fullwood "… had fraudulently and unlawfully embezzled funds from the Reggie Fullwood Campaign account… in violation of the campaign laws of the State of Florida" [emphasis supplied]. Of course, there are other allegations that misconduct was hidden or concealed.

2. The Defendant would readily agree that the allegations, if true, would constitute a violation of Florida Statutes 106.021 and 106.0405, misdemeanor violations of Florida's Election Laws. But, the Government charges "wire fraud" in violation of 18 U.S.C. §1343. According to the Indictment, Fullwood moved funds from one account (election account) where he was the sole signatory to another account (Rhino – personal) where Fullwood was also the sole signatory. The Federal jurisdiction apparently derives from these electronic transfers occurring in the same bank involving a "server" for the bank's computer system that was located in New Jersey[1].

3. However, here, the Defendant's focus is the allegations regarding the "scheme to defraud". It seems well settled that a "scheme to defraud" contemplated under 18 U.S.C. §1343 involves a plan or course of action intended to deceive or cheat another out of money

_____

1 Whether the Defendant can be seen as having "known" or "reasonably foreseen" the involvement of an interstate wire is, for now, left for another day.

or other property. *See,* Offense Instruction 51, Wire Fraud 18 U.S.C. §1343, Eleventh Circuit Pattern Jury Instructions – Criminal – 2010 ed.; *See also*, 18 U.S.C. §1346 defining "Scheme or Artifice to Defraud" as including such "scheme or artifice to deprive another …". The Defendant has been made to understand the "another" at issue is not the various contributors whose contributions may have been converted to Fullwood's personal use. Thus, it is unclear from whom or what the funds were "embezzled". It is that single additional bit of factual information that the Defendant seeks by this Motion. That is, from whom or what were the funds allegedly "embezzled"?

4.      Rule 7(f) provides simply that the Court "may direct the Government to file a Bill of Particulars". Use of the word "may" vests the Court with wide discretion to grant or deny such motion. Even the Committee Note to that Rule describes the language of the Rule as "substantially a restatement of existing law on Bills of Particular". Here, there is a missing "fact" that is critical to informing the Defendant of the charges against him. Therefore, the Motion should be granted.

           **RESPECTFULLY SUBMITTED** this 9th day of May, 2016.

                                        Robert Stuart Willis
                                        ROBERT STUART WILLIS
                                        Florida Bar No. 153152
                                        Attorney for Defendant
                                        Willis, Ferebee & Hutton
                                        503 East Monroe Street
                                        Jacksonville, Florida  32202
                                        Telephone:  (904) 356-0990
                                        Fax: (904) 353-2756
                                        E-mail: rwillislaw@aol.com

                                        3

I CERTIFY that on May 9th, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to United States Attorney's Office, 300 North Hogan Street, Suite 7000, Jacksonville, Florida 32202.

s/ Robert Stuart Willis
ROBERT STUART WILLIS
Florida Bar No.: 153152
Attorney for Defendant
Willis, Ferebee & Hutton
503 East Monroe Street
Jacksonville, Florida 32202
Telephone: (904) 356-0990
Fax: (904) 353-2756
E-mail: rwillislaw@aol.com