UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO.    3:16-cr-48-J-34JBT
REGINALD FULLWOOD
 a/k/a Reggie Fullwood

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The United States of America, by A. Lee Bentley, III, United States

Attorney for the Middle District of Florida, respectfully opposes Defendant

Fullwood's Motion for Bill of Particulars ("the Motion") (Doc. 19), and responds

with the following:

**MEMORANDUM OF LAW**

The purpose of a bill of particulars is to apprise the defendant of the

charge(s) against him with sufficient precision to allow him to: (1) prepare a

proper defense; (2) minimize surprise at trial, and (3) plead double jeopardy as a

bar to later prosecution for the same offense.  *United States v. Roberts*, 174 F.

App'x 475 (11th Cir. 2006) (quoting *United States v. Anderson*, 799 F.2d 1438

(11th Cir. 1986)).  The court has broad discretion in granting or denying a motion

for a bill of particulars for a defendant is not entitled to one as a matter of right.

*United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).  A denial of a request

for a bill of particulars is reversible only on a showing of a clear abuse of

distraction.  *Id.*  Proof of abuse of requires a showing of: (1) actual surprise at trial and; (2) prejudice to the defendant's substantial rights by the denial.  *United States v. Colson*, 662 F.2d. 1389, 1391 (11th Cir. 1981.)

Generalized discovery is not a proper purpose in seeking a bill of particulars.  *Coloson*, 662 F.2d at 1391.  A bill of particulars merely supplements an indictment by providing the defendant with information necessary for trail preparation.  *Anderson*, 799 F.2d at 1441.  Thus, it should not be employed to compel the government to provide a detailed disclosure of its evidence or the legal theories upon which it intends to rely at trial.  *Roberts*, 174 F.App'x at 477.  Thus, a bill of particulars never properly becomes an account of who, why, how, and with what the government proposes to prove the charges in the indictment.  *Nye and Nissen v. United States*, 168 F.2d 846, 851 (9th Cir. 1948).  aff'd, 336 U.S. 613 (1949).

Where the indictment is reasonably specific, there is no need for a bill of particulars.  Where it tracks the language of the statutes involved and adequately informs the defendant of the charges pending against him, there is no need for a bill of particulars.  *Cole*, 755 F.2d at 760 (finding that information must be "essential" to the defense).

## **ARGUMENT**

Applying these rules and principles of law to the allegations contained in the instant Indictment, it is clear that the Indictment sufficiently informs the Defendant of the nature of the charges against him, allows him to adequately

prepare for his defense and facilitates a plea of double jeopardy in the event of an attempted subsequent prosecution.  The Indictment not only charges the offenses in the language of the mail fraud statute, but includes significant additional factual allegations which assist the Defendant in identifying the charges against him.   Thus, as in *United States v. Sheriff*, 546 F.2d. 604, 606 (5th Cir. 1977), the sufficiency of the Indictment precludes the requirement of a bill of particulars.

**<u>Detail in the Indictment</u>**

In this case, the Indictment is what is frequently referred to as a "speaking indictment."  Specifically, with regards to the ten substantive wire fraud charges, the Indictment includes: (1) in Section A, an Introduction, which includes the identification of the Defendant, the identification of various entities and accounts used in the fraudulent scheme, and the pertinent election laws of the State of Florida; (2) Section B identifies the scheme and artifice, including the time frame of the offenses, the location where the offenses are alleged to have occurred, and the statutory language for wire fraud, that is, that the defendant "did knowingly and willfully devise and participate in, and intend to devise and participate in, a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises; (3) Section C includes the Manner and Means, with five delineated parts of the scheme and artifice to defraud; and (4) Section D sets forth the execution of the scheme and artifice to defraud, providing the date, the

3

originating account, the beneficiary account and the amount involved in each of the ten substantive counts.

**Defendant's Alleged Confusion**

In his motion, the Defendant contends that it is "unclear from whom or what the funds were 'embezzled'." Motion at 3, para. #3. In fact, the Defendant states "[i]t is that single additional bit of factual information that the Defendant seeks by this Motion." Motion at 3, para. #3. The United States is honestly mystified by the Defendant's confusion. Certainly, a plain reading of Manner and Means paragraph #5 clearly states "that Fullwood would submit or cause to be submitted false and fraudulent campaign expenditure reports to the State of Florida which included inflated and/or non-existent campaign expenses in order to hide and conceal the fact that Fullwood had fraudulently and unlawfully embezzled funds from the Reggie Fullwood Campaign Account with Atlantic Coast Bank…" (Emphasis added). Certainly, this statement in the Indictment unambiguously identifies the precise entity from which the Defendant embezzled the funds.

Moreover, in Section D, titled Execution, the United States has clearly identified the originating account from which the funds for each of the ten substantive were embezzled, the beneficiary account, the date of each interstate wire and the specific amount involved in each count. Unquestionably, the Indictment identifies "from whom or what the funds were 'embezzled'." Motion at 3, para. #3.

4

**CONCLUSION**

The Defendant is not entitled to a Bill of Particulars.  The Indictment is reasonably specific, tracks the language of the wire fraud statute, and adequately informs the Defendant of the charges pending against him.  The United States respectfully suggests that the Court deny the Defendant's Motion.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney


By:     *s/ Mark B. Devereaux*
        MARK B. DEVEREAUX
        Assistant United States Attorney
        USA No. 49
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone:   (904) 301-6300
        Facsimile:    (904) 301-6310
        E-mail:  mark.devereaux@usdoj.gov

**U.S. v. Fullwood**                                    **Case No. 3:16-cr-48-J-34JBT**

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2016, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following:

Robert Stuart Willis, Esq.

*s/ Mark B. Devereaux*
MARK B. DEVEREAUX
Assistant United States Attorney
USA No. 49
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:    (904) 301-6310
E-mail:  mark.devereaux@usdoj.gov