UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.    3:16-cr-48-J-34JBT

REGINALD FULLWOOD
 a/k/a Reggie Fullwood

### UNITED STATES' MOTION SEEKING CLAIFICATION
### REGARDING COURT'S ORDER OF May 17, 2016 (Doc. 23)

The United States of America, by A. Lee Bentley, III, United States

Attorney for the Middle District of Florida, respectfully seeks this Court's guidance

in responding to the Court's Order of May 17, 2016 ("the Order"), and states the

following:

1.      On May 9, 2016, the Defendant filed a Motion for Bill of Particulars

(Doc. 19).  In that motion, the Defendant specifically stated "it is unclear from

whom or what the funds were 'embezzled'.  It is that single additional bit of

factual information that the Defendant seeks by this Motion.  That is, from whom

or what were the funds allegedly 'embezzled'?"  Doc. 19 at 3.

2.      During the motion hearing held on May 17, 2016, several issues

were discussed.  However, at the end of the hearing the undersigned, possibly

mistakenly, was of the impression that the United States was going to be ordered

to disclose in a Bill of Particulars the "someone" from whom the funds were

alleged to have been embezzled.

3.      In this Court's Order, the Court quotes the first line of Offense

Instruction 51, from the Eleventh Circuit Pattern Jury Instructions regarding wire

fraud.  Specifically, that [i]t's a Federal crime to use interstate wire, radio, or

television communications to carry out a scheme to defraud someone else."  The

Court then directs the United States to, in a bill of particulars, identify the

"someone else" the Defendant allegedly intended to defraud.

4.      There is no question that the undersigned will comply with this

Court's Order and the undersigned assures the Court that this motion seeking

clarification is not an attempt to delay a response.  However, in order to ensure

proper compliance with this Court's Order, the undersigned respectfully requests

additional guidance.  The reason for this requested guidance is because the

"someone else" who the Defendant allegedly intended to defraud is not what the

undersigned understood the Defendant was seeking in his motion.  In the

Defendant's motion, the undersigned understood the question was "from whom

or what were the funds allegedly 'embezzled'."  Doc. 19 at 3.

5.      The elements of wire fraud are:

First:       The Defendant knowingly devised or participated in a
             scheme to defraud, or to obtain money or property by using
             false pretenses, representations, or promises;

Second:      That the false pretenses, representations, or promises were
             about a material fact;

Third:       That the Defendant acted with the intent to defraud; and

Fourth:      That the Defendant transmitted or caused to be transmitted
             by wire some communication in interstate commerce to help
             carry out the scheme to defraud.

2

*Eleventh Circuit Pattern Jury Instructions, Offense Instruction 51(2010 Edition).*

6.      Although the United States may be somewhat premature in addressing the issue set forth immediately below, especially since it has never been mentioned to be an issue by the defense, the undersigned believes that in order for the Court to fully understand the undersigned's request for guidance, it was best to bring this issue to the Court's attention.

7.      It is the position of the United States that In order to violate the mail or wire fraud statute, the victim of the property loss does not need to be the same individual/entity that is the victim of the deception.  In Fullwood's case, the entity (the "Reggie Fullwood Campaign" account at Atlantic Coast Bank) from which it is alleged that the funds were wrongfully taken (Manner and Means #5) is not the same entity or party(ies) that were being deceived and/or mislead.  In the majority of mail and/or wire fraud cases, the party being deceived is also the same party that is losing the money or property.  For instance, in a mortgage fraud case, when an individual submits false and fraudulent mortgage documents to a bank, it is usually the bank that is the pecuniary victim of the fraud.  The issue of whether or not the party being deceived (defrauded) also needs to be the party that is the victim of the money or property loss has been addressed in several circuits over more than twenty years.  In fact, there is a term that is used to describe the contention that the property loss victim must have been deceived by false statements in order to part with the property.  The term for this contention is "convergence" or "convergence-of-identity."  Although the

3

undersigned has been unable to locate an Eleventh Circuit decision directly on point, several other circuits' cases that have dealt with this issue. Although it appears that the circuits are split on the issue of whether a defendant can be convicted of mail/wire fraud when the deception in the scheme is someone (or entity) other than the intended property victim, the majority of the circuits have rejected the convergence theory. That is, the majority of circuits have held that there is no requirement that the "someone" being defrauded must also be the "someone" to lose the money or property.

8.    As early as 1989, the Seventh Circuit rejected the convergence theory. *United States v. Cosentino*, 869 F.2d 301 (7th Cir. 1989). In Cosentino, the defendants looted the assets of an insurance company and deceived state regulators. Although there were no misrepresentations to the policyholders, the lies to the regulators affected the property rights of the policyholders. The Seventh Circuit found the defendants' conduct sufficient to sustain mail fraud charges, stating:

> Further, in misleading the Department of Insurance, the scheme permitted the agency to remain in business past the point it would have had the Department been aware of the defendants' activities – and that additional time allowed the defendants more time to take [the victim's money].

869 F.2d at 307. As recently as 2013, the Seventh Circuit held that the mail fraud statute does not require convergence between the misrepresentations and the defrauded victims. *United States v. Seildling*, 737 F.3d. 1155, 1161 (7th Cir. 2013). In rendering their decision, the *Seildling* court referenced the Supreme

Court's decision in the Jacksonville *Neder*,case, that although "materiality" is a required element of mail and wire fraud offenses, the Supreme Court has never ruled that materiality requires that the false statement must be made directly to the victims in the scheme.  *Id.* at 1160.  In fact, as stated in *Seilding*, "the Supreme Court held otherwise, finding that a scheme to defraud existed even when the scheme was unsuccessful and 'no one relied on any misrepresentation.'" *Id.* at 1160 (quoting *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647-48 (2008).

The First, Third, Fifth, Eighth, and Tenth Circuits all agree that "nothing in the mail and wire fraud statutes requires that the party deprived of money or property be the same party who is actually deceived."  *United States v. Christopher*, 142 F.3d 46, 54 (1st Cir. 1998).  *Christopher* involved a defendant deceiving state insurance regulators, resulting in increased risk and actual losses to policyholders.  In that case, the defendant argued that his deceiving the regulators was "at most a form of indirect victimization not prohibited by the wire fraud statute" and that "the wire fraud statute requires 'convergence' – that is, the scheme must deceive the same person whom it deprives of money or property." *Id.* at pp. 52-53.  The First Circuit, recognizing the split in authority, rejected the convergence argument, stating:

> The phrase 'scheme or artifice…for obtaining money or property by means of false or fraudulent pretenses, representations, or promises,' 18 U.S.C. § 1341, is broad enough to include a wide variety of deceptions intended to deprive another of money or property.  *McNally* itself says nothing about convergence. (Citation

> omitted).  We see no reason to read into the statutes an invariable requirement that the person deceive d be the same person deprived of the money or property by the fraud.

*Id.* at p. 54.

In *United States v. McMillan*, 600 F.3d 434 (5th Cir. 2010), the Fifth Circuit reached the same conclusion.  Citing the Seventh Circuit's 1989 *Cosentino* decision, the Fifth Circuit noted that "other courts have recognized that the deception of regulatory agencies for the purpose of allowing victimization of third parties is a cognizable mail fraud offense" and, further, that "it is irrelevant…whether alleged misrepresentations about [the agency's] financial condition were made to the state Department of Insurance or directly to the alleged victims of the scheme….The Government was not required to prove that misrepresentations were made directly to any of the victims.  *Id.* at pp. 449-50 (*See also United States v. Bernegger*, 661 F.3d 232, 240 (5th Cir. 2011) ("The government is not required to prove that any misrepresentations were made directly to the victim."; and *United States v. Rodriguez-Davalos*, 2011 WL 5509542 at*2 (W.D.Tex. 2011) (Westlaw cite only available) ("[T]hough the misrepresentation need not be made directly to the victim, and though the victim need not suffer financial loss, the 'object of the fraud [must] be money or property in the hands of the victim.'").

Interestingly, almost twenty years ago in *United States v. Blumeyer*, 114 F.3d 758, 767 (8th Cir. 1997), the Eighth Circuit adopted the Seventh Circuit's positon from the *Cosentio* case.  Specifically, stating:

6

> [w]e believe that the Seventh Circuit has the better argument: a defendant who makes false representations to a regulatory agency in order to forestall regulatory action that threatens to impede the defendant's scheme to obtain money or property from others is guilty of conducting a "scheme or artifice…for obtaining money or property by means of false or fraudulent pretenses, representations, or promises."  18 U.S.C. § 1341 (1988).

*Id.* at 767-68.

In *United States v. Olatunji*, 872 F.2d 1161, 1168 (3rd Cir. 1989), the Third Circuit also held that misrepresentations do not need to be made the ultimate victim to establish mail fraud.  In 1995, the Tenth Circuit found that "the central focus of the first element [of the mail fraud statute] is the existence of a scheme" and it is "neither necessary to allege nor prove that the false pretenses, representations, or promises were actually made to anyone, much less to each individual in the distinct mail fraud counts."  *United States v. Kennedy*, 64 F.3d 1465, 1475-76 (10th Cir. 1995).

The Tenth Circuit has also found that the "convergence" theory is not required.  In *United States v. Kennedy*, 64 F.3d 1465 (10th Cir. 1995), the court stated "that the central focus of the first element [of the mail fraud statute] is the existence of a scheme."  It is "neither necessary to allege nor prove that the false pretenses, representations, or promises were actually made to anyone, much less to each individual in the distinct mail fraud counts."  *Id. at 1475-76.*

Finally, the Supreme Court addressed this issue in regards to a civil RICO case based upon indictable acts of mail fraud in violation of 18 U.S.C. § 1341.  In

7

*Bridge v. Phoenix Bond & Indemn. Co.*, 553 U.S. 639 (2008), a case on certiorari from the Seventh Circuit, Phoenix Bond brought a civil RICO action against John Bridge and other defendants. The complaint alleged that the defendants regularly violated a Cook County rule by arranging for related firms to bid on tax liens at Cook County auctions. The lawsuit contended that the defendants submitted false affidavits through the mail and therefore committed mail fraud, allowing for private remedy under RICO.

The district court dismissed the case and Phoenix Bond appealed. The defendants contended that the suit should be dismissed because false statements were not made to the plaintiffs, as all of the false affidavits were filed with Cook County. The Seventh Circuit rejected this argument:

> The mail fraud statute, 18 U.S.C. § 1341, defines a fraudulent *scheme* rather than a particular false statement, as the crime. It is illegal to obtain money by a scheme that entails fraud, if the use of the mail is integral to the scheme. That's why it is unnecessary to show that the false statement was made to the victim. A scheme that injures D by making false statements through the mail to E is mail fraud…

*Phoenix Bond & Indemnity Co. v. Bridge*, 477 F.3d 928, 932 (7th Cir. 2007) (emphasis in original).

The Supreme Court granted certiorari to resolve a conflict among the Courts of Appeals on the question of whether "first-party reliance is an element of a civil RICO claim predicated on mail fraud." 553 U.S. at 646. The Supreme Court affirmed the Seventh Circuit's judgment, holding that "a person can be injured 'by reason of' a pattern of mail fraud even if he has not relied on any misrepresentations…And this is true even though [respondents] did not rely on

8

petitioners' false attestations of compliance with the county's rules." 553 U.S. at 649. In rejecting the petitioner's arguments, the Court referred to the "long line of [civil RICO] cases in which courts have permitted a plaintiff directly injured by a fraudulent misrepresentation to recover even though it was a third party, and not the plaintiff, who relied on the defendant's misrepresentations. 553 U.S. at 656.

9.    Wherefore, with the facts as set forth above, the United States respectfully requests guidance on exactly what the government has been ordered to respond to in a bill of particulars. For instance: (1) is the "someone else" who or what was defrauded by the use of false pretenses, representations, or promises; (2) or is the "someone else" the person and/entity that was deprived of money or property?

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney


By:    *s/ Mark B. Devereaux*
MARK B. DEVEREAUX
Assistant United States Attorney
USA No. 49
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:    (904) 301-6310
E-mail:  mark.devereaux@usdoj.gov

**U.S. v. Fullwood**                                    **Case No. 3:16-cr-48-J-34JBT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2016, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following:

Robert Stuart Willis, Esq.

<u>*s/ Mark B. Devereaux*</u>
MARK B. DEVEREAUX
Assistant United States Attorney
USA No. 49
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:    (904) 301-6310
E-mail:  mark.devereaux@usdoj.gov