**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

Case No. 3:16-cr-48-J-34JBT

vs.

REGINALD FULLWOOD
    a/ka Reggie Fullwood
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant Fullwood's Amended Motion in Limine (Doc. 29; Motion in Limine), filed on June 2, 2016. The government filed a response in opposition to the Motion in Limine on June 8, 2016, see United States' Response in Opposition to Defendant's Amended Motion in Limine (Doc. 30; Response), and on June 9, 2016, Defendant filed Defendant Fullwood's Notice of Supplemental Authority (Doc. 31). The matter came before the Court for a hearing on July 19, 2016, the record of which is incorporated herein by reference. See Order (Doc. 34) at 2-3; see also Minute Entry (Doc. 38).

On April 15, 2016, the government returned an Indictment charging Defendant with several counts of wire fraud in violation of 18 U.S.C. § 1343, among other things. See generally Indictment (Doc. 1). Wire fraud occurs when "'a person (1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or causes the use of the . . . wires for the purpose of executing the scheme or artifice.'" See United States v. Bradley, 644 F.3d 1213, 1238 (11th Cir. 2011) (quoting United States v. Ward, 486 F.3d 1212, 1222 (11th Cir. 2007)). On May 9, 2016, Defendant filed

Defendant Fullwood's Motion for Bill of Particulars (Doc. 19; Motion for Bill of Particulars) seeking the identity of the person or entity deprived of funds by virtue of the alleged scheme to defraud. See Motion for Bill of Particulars at 2-3. In the United States' Response In Opposition to Defendant's Motion for Bill of Particulars (Doc. 20; Response to Motion for Bill), filed on May 10, 2016, the government appeared to suggest that Defendant's campaign account is the entity that was defrauded. See Response to Motion for Bill at 4. On May 17, 2016, the Magistrate Judge conducted a hearing on the Motion for Bill of Particulars, see Minute Entry (Doc. 22), at which the government explained its theory to be that both the campaign account and the campaign contributors are the victims of the alleged fraud. See May 17, 2016 Motion Hearing Transcript (Doc. 26) at 11. However, in responding to the Magistrate Judge's Order (Doc. 23) granting Defendant's Motion for Bill of Particulars, the government took the position that the objects of the scheme to defraud were the campaign contributors and the Florida Department of State Division of Elections (Florida DOE). See United States' Response to Court's Order (Doc. 23) Regarding Defendant's Motion for Bill of Particulars (Doc. 25) at 2. In the instant Motion in Limine, Defendant requests that the Court preclude the government from "inferring, suggesting, or arguing that the [Florida DOE] is the victim or 'someone else' that the Defendant allegedly intended to defraud" in the charged wire fraud scheme. See Motion in Limine at 1.

At the July 19, 2016 hearing, following a lengthy discussion with counsel as to the government's theory of this case, the government agreed that: **the sole victims of the scheme or artifice to defraud alleged in the Indictment are the campaign contributors, and that absent evidence of any pecuniary loss to the State of Florida, the government cannot and will not argue that the State of Florida is an independent**

**legal victim of the scheme to defraud.**  Defendant represented to the Court that the government's position, as described above, resolved his Motion in Limine.  Therefore, the Court will grant the Motion in Limine to the extent set forth in this Order.[1]  In light of the foregoing, it is

**ORDERED**:

1. Defendant Fullwood's Amended Motion in Limine (Doc. 29) is **GRANTED to the extent set forth herein.**

2. The United States' Motion Seeking Clarification Regarding Court's Order of May 17, 2016 (Doc. 24) is **DENIED, as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of July, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[1] The government also filed a motion seeking clarification of the Order (Doc. 23) granting Defendant's request for a bill of particulars.  See United States' Motion Seeking Clarification Regarding Court's Order of May 17, 2016 (Doc. 24; Motion for Clarification), filed May 18, 2016.  Specifically, the government asserted that it was unclear whether the government must identify who was defrauded, or who was deprived of money or property.  See Motion for Clarification at 9.  However, as discussed at the hearing, "a defendant 'schemes to defraud' only if he schemes to 'deprive[e] [someone] of something of value by trick, deceit, chicane, or overreaching.'"  See United States v. Takhalov, __ F.3d ___, 2016 WL 3683456, at *3 (11th Cir. July 11, 2016) (alterations in original) (quoting Bradley, 644 F.3d at 1240).  Stated another way, "if a defendant does not intend to harm the victim—'to obtain, by deceptive means, something to which [the defendant] is not entitled'—then he has not intended to defraud the victim."  Id.  Thus, the government's request for clarification in order to distinguish between the person defrauded and the person harmed is inapposite.  As this issue was addressed at the July 19, 2016 hearing, and in light of the government's representations made on the record at that hearing, the Court will deny the government's Motion for Clarification as moot.

3